27176.   PARKS v. AULT.
27177.   EDWARDS v. STYNCHCOMBE.

JORDAN, Justice. An examination of these cases discloses that they involve the same person, John David Parks, alias Ike Tompkins Edwards, who sought relief in Fulton Superior Court in one action docketed as Habeas Corpus No. 1472, complaining of a conviction in the Criminal Court of Fulton County, and another, docketed as Habeas Corpus No. 1504, complaining of the revocation of probation imposed in Fulton Superior Court.

Appeal No. 27177 in this court is specifically directed to the final order of a judge of Fulton Superior Court dated December 15, 1971, in reference to the case docketed in that court as Habeas Corpus No. 1472, which recites that after hearing evidence and argument he found the facts as set forth by the respondents, Stynchcombe, Sheriff of Fulton County, et al., substantially true and correct. He overruled and denied the prayers of the petitioner and remanded him to custody. The only order in the record in Appeal No. 27176 is that of another judge of Fulton Superior Court dated January 12, 1972, in reference to the case docketed in that court as Habeas Corpus No. 1504, which recites that he had before him a pleading entitled "Petition for Mandamus" which alleged that the petitioner's probation had been illegally revoked, that this allegation was appropriate for an application for habeas corpus, and that he was so treating the pleading

and would allow it to be filed. The order further recites that the pleading shows on its face that the petitioner was not imprisoned in Fulton County, and he dismissed the application for this reason.

This court judicially notices that the Atlanta Circuit covers Fulton County only. Where a person is restrained by virtue of a sentence imposed by a State Court of record "[t]he petition must be filed in the superior court of the county wherein the petitioner is being detained" and that court has exclusive jurisdiction of the matter. Ga. L. 1967, pp. 835, 836 (*Code Ann.* § 50-127 (3)).

Assuming that the appeals are not moot, despite the information in the records and allied papers indicating that the petitioner is not being held in Fulton County and is not being held by any of the respondents, we have carefully examined both appeals, and find nothing to support a conclusion of reversible error on the part of either trial judge in disposing of the petitions in the lower court. The appeals are without merit.

*Judgments affirmed. All the Justices concur.*
SUBMITTED MAY 9, 1972—DECIDED JUNE 15, 1972.

John David Parks, *pro se.*
Ike Tompkins Edwards, *pro se.*
*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Hinson McAuliffe, Solicitor, Frank Bowers, James L. Webb, Bernard J. Rapkin, Arthur K. Bolton, Attorney General,* for appellees.